**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TYRONE HAMPTON,<br><br>Plaintiff,<br>v.<br><br>JOSH MERCER,<br><br>Defendant, | Case No. 3:26-cv-00243-SLG |

**NOTICE OF INTENT TO DISMISS UPON SCREENING AND ISSUE A STRIKE**

On June 24, 2026, self-represented prisoner Tyrone Hampton ("Plaintiff") filed a civil complaint, a cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was at the Anchorage Correction Complex in the custody of the Alaska Department of Corrections ("DOC").[2] According to the Complaint, on or about May 19, 2026, Plaintiff was involved in a dispute with correctional staff for allegedly failing to comply with a request to submit for urinary analysis. Plaintiff alleges, that following the dispute, Superintendent Josh Mercer ("Defendant") placed him in administrative segregation.

Plaintiff's Complaint contends that Superintendent Mercer violated his rights under the Due Process Clause of the Fourteenth Amendment and Alaska Department of Corrections Policies 809.01 and 811.08 by failing to provide him

[1] Dockets 1-3.

[2] Docket 1.

with a copy of the prisoner handbook and an opportunity to attend the prisoner orientation program for all new prisoners remanded to the Department's custody. Plaintiff asserts injuries including suicidal ideation, anxiety, emotional instability, depression, and loss of participation in regular activities.

For relief, Plaintiff seeks compensatory and punitive damages in amounts to be determined by a jury, injunctive relief directing Defendant to provide Plaintiff with a copy of the prisoner handbook and permit his admission to the prisoner orientation program, and declaratory relief establishing that Defendant shall not deny Plaintiff and others access to the handbook and orientation program.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] In this screening, a district court must identify any cognizable claims and dismiss the complaint, or any portion of the complaint, if the court determines that the case:

(a) is frivolous or malicious;

(b) fails to state a claim upon which relief may be granted; or

(c) seeks monetary relief against a defendant who is immune from such relief.[4]

---

[3] 28 U.S.C. §§ 1915, 1915A.

[4] *See* 28 U.S.C. § 1915(e)(2).

In conducting its screening review, a district court must accept the allegations of the complaint as true, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8] Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[9]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10]

---

[5] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[9] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016).

[10] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[13] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to construct claims on a litigant's behalf.[14] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[15] A complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[16]

---

of deficiencies, the pro se litigant will likely repeat previous errors.").

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[14] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[15] *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996).

[16] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[17] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[18] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[21] A supervisor can only be held liable in his or her individual capacity under Section 1983 if (1) the supervisor personally participated

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002).

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[22]

### III. Screening Review of Plaintiff's Claims

The Due Process Clause is not implicated by every change in conditions of confinement, not even ones having a "substantial adverse impact" on a prisoner.[23] Instead, due process protections only arise when prison officials impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[24] Prisoners have no liberty interest in remaining housed in the general prison population[25] or in remaining free from different types of segregation.[26] Prison officials may assign any housing or enforce any sanctions that are "within the normal limits or range of custody which the conviction has authorized the State to impose."[27]

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[28] Instead, a disciplinary proceeding must accommodate both "institutional needs

---

[22] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[23] *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

[24]*Sandin*, 515 U.S. at 483−84.

[25] *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)).

[26] *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (citing *Sandin v. Conner,* 515 U.S. 472, 485-86 (1995)).

[27] *Sandin*, 515 U.S. at 478 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

[28] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

and objectives and the provisions of the Constitution that are of general application."[29] A plaintiff does not state a constitutional due process claim for relief if he was provided with constitutionally adequate procedural protections but he disagrees with the outcome of the process, or even the process itself, as long as some degree of procedural protections have been provided.[30] And the failure to follow prison regulations or policies is not a federal constitutional violation.[31]

The United States Supreme Court has held that due process for all types of *disciplinary* segregation demands only that the prison hearing officer's decision be supported by "some evidence," and that the evidence "have some indicia of reliability"—a test now known as the *Hill* standard.[32] The "relevant question is whether there is any evidence in the record that could support the conclusion reached."[33]

Here, Plaintiff alleges that Superintendent Mercer placed him in administrative segregation on May 19, 2026, for allegedly refusing a urinalysis

---

[29] *Id.*

[30] *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

[31] *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009); *see also Sandin v. Conner,* 515 U.S. 472, 481-82 (1995) (recognizing that prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates").

[32] *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

[33] *Hill*, 472 U.S. at 455-56.

test.[34] Plaintiff claims that he was never asked to take the test.[35] Plaintiff also alleges that he never received the prisoner handbook or institutional orientation required by DOC Policies 809.01 and 811.08 and was therefore lacked fair notice of relevant institutional rules and penalties.[36] The attached DOC records state that Plaintiff refused to step forward and take a test when Officer Nelson instructed an entire group of prisoners, including Plaintiff, to submit to a urinalysis test.[37] Plaintiff was given a copy of the Administrative Segregation Admission form[38] and was scheduled for a Disciplinary Hearing.[39] Upon review, Plaintiff does not make allegations or provide supporting documents that demonstrate that Defendant Mercer violated his due process rights.

Furthermore, the Court questions the viability of this federal court's jurisdiction over Plaintiff's due process allegations. Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision. It states: "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court."[40] Accordingly, Plaintiff's proper forum

---

[34] Docket 1 at 3–4.

[35] Docket 1 at 3.

[36] Docket 1 at 3–4.

[37] Docket 1-3 at 2.

[38] Docket 1-1 at 2–3.

[39] Docket 1-4 at 2.

[40] *See also* 22 AAC 05.480 (describing procedure for "[a]ppeal[s] from disciplinary

to challenge the disciplinary proceeding would appear to be the Alaska Superior Court, and not the U.S. District Court for the District of Alaska.

To the extent Plaintiff claims that he was denied proper mental health care,[41] Plaintiff does not allege Superintendent Mercer is responsible for scheduling mental health appointments, arranging escorts, or facilitating treatment, or that he obstructed Plaintiff's care. Nor does he allege the superintendent knew of Plaintiff's mental health needs and consciously disregarded a substantial risk of harm to him.[42] Any claims against other individuals that Plaintiff believes denied him adequate mental health care can be brought and screened separately in a new case.[43]

For these reasons, the Complaint against Superintendent Mercer must be dismissed. The Court further finds that allowing leave to file an amended complaint as to this Defendant would be futile.[44] Plaintiff's claims against Defendant Mercer

---

decisions"). *See also* Alaska Stat. 33.30.295(a) ("A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication.").

[41] See Docket 1 at 4 (claiming Plaintiff requested to see mental health staff on May 17 and May 25, 2026, but had not received a response as of May 27, 2026).

[42] *Farmer,* 511 U.S. at 837.

[43] Multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

[44] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend need not be granted when "the pleading could not possibly be cured by the allegation of other facts").

must therefore be dismissed without leave to amend in federal court. Plaintiff is accorded 30 days from the date of this order to file a Notice of Voluntary Dismissal in order to avoid receiving a strike under 28 U.S.C. § 1915(g). A Notice of Voluntary Dismissal does not count as a strike.[45]

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[46] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[47] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[48] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[49] Vague, non-specific allegations are insufficient,

---

[45] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[46] 28 U.S.C. § 1915(g).

[47] 28 U.S.C. § 1915(g).

[48] *Andrews,* 493 F.3d at 1056 (cleaned up).

[49] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

and assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."[50]

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."[51] In deciding whether such a nexus exists, federal courts consider: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury."[52] A prisoner-plaintiff seeking to invoke the imminent danger exception must meet both requirements of the nexus test to proceed.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a claim. The Court finds that amendment is futile.

2. Plaintiff is accorded **30 days from the date of this order** to file a Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case. A Notice of Voluntary Dismissal does not count as a strike.

3. If Plaintiff fails to file a Notice of Voluntary Dismissal **within 30 days of the date of this order**, the Court will dismiss that case as a strike for failure to

---

[50] *Andrews,* 493 F.3d at 1057, fn. 11.

[51] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

[52] *Id.* at 700 (emphasis in original).

state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), without further notice to Plaintiff.

4. All pending motions are DENIED as moot.

5. With this order, the Clerk is directed to send form PS09, Notice of Voluntary Dismissal to Plaintiff.

DATED this 24th day of November, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE